IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAMERON SMITH | : | |
| 2200 N. Vermillion Street | : | |
| Apartment 604 | : | |
| Danville, IL 61832, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| | : | |
| vs. | : | |
| | : | No. |
| | : | |
| SYNCREON TECHNOLOGY | : | |
| AMERICA, INC. | : | |
| 2851 High Meadow Circle | : | |
| Auburn Hills, MI 48326, | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

## COMPLAINT

Filed on May 20, 2022 by:

**BELLWOAR KELLY, LLP**
126 W. Miner Street                    Andrew J. Bellwoar
West Chester, PA 19382                 PA Attorney ID: 54096
(610)314-7066                          *abellwoar@bellwoarkelly.com*

## THE PARTIES

1. Plaintiff Cameron Smith ("Plaintiff") is an adult individual and citizen of the state of Illinois, residing therein at 2200 Vermillion St. Apt. 604 Danville, IL 61832.

2. Plaintiff is an African American man.

3. Defendant, Syncreon Technology America, Inc. ("Defendant") was, at all relevant times hereto, a corporation, headquartered in the State of Michigan at 2851 High Meadow Cir. Auburn Hills, MI 48326, doing business at 601 Memory Ln. York, PA 17402 and registered with Pennsylvania Department of State at 2704 Commerce Dr. Harrisburg, PA 17110 .

4. At all relevant times hereto, Defendant had extensive, continuous, regular and systematic business contacts in the Middle District of Pennsylvania through the ownership and operation of a large manufacturing facility located at 601 Memory Ln. York, PA 17402.

## JURISDICTION

5. Jurisdiction over this controversy is properly vested in the United States District Court pursuant to 28 U.S.C. §1331, as it is a civil action arising under the Constitution and laws of the United States of America.

## VENUE

6. This matter is properly addressed in the venue of the United States District Court for the Middle District of Pennsylvania, because a substantial part of the events, acts and omissions by Defendant giving rise to Plaintiff's claim occurred in the jurisdiction of this Court, more specifically, in York County, Pennsylvania.

## FACTS AT ISSUE

7. At all relevant times, Defendant, owned and operated a large, complex industrial business specializing in manufacturing and logistics with more than fifteen employees for each working day in more than twenty calendar weeks of the preceding year.

8. Specifically, Plaintiff worked in a plant operated by Defendant for the production of Harley Davison motorcycles.

9. Defendant fostered and allowed a workplace that featured pervasive racial discrimination directed at African Americans, which culminated in a direct threat of racially motivated violence made to Plaintiff while Plaintiff was in the workplace and acting in his capacity as an employee.

10. Beginning on or about September 1, 2021, Plaintiff was contracted through another firm to work at Defendant's facility located at 601 Memory Ln. York, PA 17402, and at all relevant times, Defendant entirely controlled the means and manner of Plaintiff's work.

11. At all relevant times, and on September 17, 2021, Plaintiff worked full time at a facility wholly owned and maintained by Defendant; Plaintiff worked five shifts per week consisting of twelve hours each; Plaintiff carried out work plans, projects, and tasks designed and created entirely by the Defendant; Plaintiff reported directly to members of Defendant's management staff; Defendant dictated Plaintiff's daily work assignments, which consisted entirely of operations that were part of the Defendant's regular business activity; Defendant had control over the length of time that Plaintiff would work at Defendant's facility.

12. At all relevant times, and on September 17, 2021, Defendant employed Carl Conser ("Conser") at its York facility; Defendant employed Conser

for at least one year prior to September 17, 2021. Conser is a Caucasian man.

13. On September 17, 2021, Plaintiff was physically present at Defendant's York, PA facility during working hours and acting in his capacity of his employment.

14. On September 17, 2021, Plaintiff and another employee of Defendant were discussing workplace rules.

15. On September 17, 2021, Conser was also physically present at Defendant's York, PA facility, acting in his capacity as an employee of Defendant.

16. On September 17, 2021, Conser injected himself into the above mentioned conversation between Plaintiff and another employee.

17. Conser said to Plaintiff: "follow the rules, or you get lynched."

18. This racially charged threat of physical violence had a severe emotional effect on the Plaintiff.

19. Defendant's internal investigation confirmed Plaintiff had not committed any misconduct; Defendant's internal investigation revealed Conser had violated company policies and Conser was terminated.

20. Prior to September 17, 2021, it was already known by Defendant that Conser was a source of racial hatred in the work place and of racial animous toward other employees, especially to African American employees.

21. Multiple employees beside Plaintiff confirm that Conser was a frequent source of problems and frequently expressed racial hatred in the workplace.

22. Conser frequently made comments of threatening racially motivated violence against African Americans; Conser also made frequent and prominent display of confederate flag imagery within the workplace, including specifically Conser's confederate flag cell phone case, which was displayed in front of Defendant's other employees on an almost daily basis.

23. Members of Defendant's management team even observed and commented about the racial tension in the workplace, but did nothing to stop it. Defendant permitted Conser and others to remain a part of its work place.

24. Earlier in 2021, Conser was involved in a separate incident of racial discrimination and expression of racial hatred in the workplace. This prior incident was reported to Defendant's management staff. Defendant addressed the prior incident with Conser; however, Conser was not terminated as a result of the prior incident. Defendant permitted Conser to remain a part of Defendant's workplace, thereby Defendant knowingly created an environment where frequent and pervasive racial hostility was permitted.

25. Defendant fostered and allowed a workplace culture where racial discrimination was commonplace and accepted. The racial discrimination was pervasive. The Defendant created a work environment hostile to African Americans.

## COUNT I
## VIOLATION of TITLE VII, CIVIL RIGHTS ACT

26. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

27. Defendant created an unlawful racially abusive workplace environment, in violated on 42 U.S.C.A. § 2000e.

28. Specifically Defendant discriminated against Plaintiff with respect to conditions of employment because of Plaintiff's race, in violation of 42 U.S.C.A. § 2000e-2(a).

29. By permitting Conser to frequently express in the workplace feelings of racial hatred toward African American employees, culminating in multiple incidents and confrontations, and including threats of physical violence against African American employees, Defendant created an environment of harassing behavior "sufficiently severe or pervasive to alter the conditions of Plaintiff's employment," see Pennsylvania State Police v. Suders, 542 U.S. 129 (2004).

30. Defendant created a hostile workplace environment under Title VII of the Civil Rights Act because all of the following conditions are met:

    a. "Plaintiff suffered intentional discrimination because of his race;

   b. the discrimination was pervasive and regular;

   c. the discrimination detrimentally affected Plaintiff;

   d. the discrimination would have detrimentally affected a reasonable person of the same protected class in her position; and

   e. there is a basis for respondeat superior liability," *see* <u>Bonenberger v. Plymouth Township</u>, 132 F.3d 20, 25 (3d. Cir. 1997).

31. The discriminatory behavior tolerated by Defendant was "threatening and humiliating conduct, not merely offensive conduct," *see* <u>Harris v. Forklift Systems, Inc.</u>, 510 U.S. 17 (1993).

32. Plaintiff suffered immediate fear of death or serious injury, Plaintiff suffered extended mental stress and emotional distress from the humiliation and dehumanizing effects of the racial threat; Plaintiff experienced mental anguish from a sense of being vulnerable to racial violence in the workplace as well as mental anguish resulting from having to work in an environment where management tolerated threats of racial violence and expressions of racial hatred to be directed at his members of Plaintiff's race.

33. As a victim of open racial discrimination in his workplace, Plaintiff suffered a diminution of enjoyment of life,

34. By permitting blatant racial hostility and open threats of violence toward African Americans in the workplace, Defendant engaged in discriminatory practices with malice or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully requests your Honorable Court to enter judgment in favor of Plaintiff and against Defendant, for compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, as well as punitive damages for malicious and reckless indifference to Plaintiff's civil rights, together with reasonable and necessary costs and attorney fees.

Respectfully submitted,
**BELLWOAR KELLY, LLP**

By: _____
Andrew J. Bellwoar
126 W. Miner St.
West Chester, PA 19382
(610) 314-7066

Date: 5/20/2022